IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AZLEN ADIEU FARQUOIT MARCHET,<br><br>Petitioner,<br><br>v.<br><br>LARRY BENZON,<br><br>Respondent. | MEMORANDUM DECISION & ORDER GRANTING MOTION TO DISMISS<br><br>Case No. 2:17-cv-473 TS<br><br>District Judge Ted Stewart |

Petitioner, Azlen Adieu Farquoit Marchet, requests federal habeas-corpus relief. 28 U.S.C.S. § 2254 (2018). Having carefully considered the relevant documents and law, the Court dismisses the petition as inexcusably untimely. *See id*. § 2244(d).

**FACTS**

Based on his Utah rape conviction, Petitioner was sentenced to five-years-to-life. The Utah Court of Appeals affirmed his conviction, and the Utah Supreme Court denied certiorari on December 10, 2009. *State v. Marchet*, 2009 UT App 262, *aff'd*, 221 P.3d 837 (Utah) (table). Petitioner had ninety days (by March 10, 2010) to file a petition for certiorari with the United States Supreme Court, which he did not do.

Petitioner filed two unsuccessful state petitions for post-conviction relief in state court, starting on October 18, 2011.

This federal habeas petition was filed on May 24, 2017.

**ANALYSIS**

Federal statute imposes "a 1-year period of limitation . . . to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." *Id.* The period

1

generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* That occurred here on March 10, 2010, ninety days after the Utah Supreme Court denied a writ of certiorari, during which Petitioner could have sought review in the United States Supreme Court. Therefore, Petitioner would have had until March 10, 2011 to file his federal petition, excepting applicable tolling.

### 1. Statutory Tolling

By statute, the one-year period may be tolled while a state post-conviction petition is pending. *See* 28 U.S.C.S. § 2244(d)(2) (2018) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). However, a "state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (citation omitted); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (same). Because Petitioner did not file his state post-conviction case until October 18, 2011, it did not toll AEDPA's limitation period, which had already expired nearly seven months before.

### 2. Equitable Tolling

So, Petitioner has no ground for statutory tolling. He does suggest, though, that equitable tolling applies based on newly discovered evidence. That would bring his suggestion under the actual-innocence category.

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. Dist. Ct.*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation

omitted). Those situations include times "'when a prisoner is actually innocent.'" *Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted)). And, Petitioner "has the burden of demonstrating that equitable tolling should apply." *Lovato v. Suthers*, No. 02-1132, 2002 U.S. App. LEXIS 14371, at *5 (10th Cir. July 15, 2002) (unpublished).

Evidence of actual innocence proffered must meet all three criteria: (1) new, (2) reliable, and (3) so probative and compelling that no reasonable juror could find guilt. *See Schlup v. Delo*, 513 U.S. 298, 324-29 (1995). At the least, the first and third requirements are not met here.

The "newly discovered evidence" Petitioner raises is (1) his case files (allegedly withheld by his trial counsel) and (2) a transcript. This evidence is not new. Petitioner clearly knew that there were case files and a transcript all along as his case progressed. Further, he does not suggest what the case files and transcript contained that would have caught him off guard, nor how any such information was so probative and compelling that his guilt could not have possibly been found by a reasonable juror.

Beyond that, Petitioner's mere rehashing of evidence and alleged violations of his civil rights do not convince the Court that the exception applies. Indeed, the kernel of the Court's analysis of actual innocence is not whether Petitioner urgently believes there were errors--or whether there were indeed errors--in state proceedings, but whether Petitioner is factually innocent. This factual innocence must also be supported with new evidence, which Petitioner has not provided.

## CONCLUSION

This federal habeas petition was filed past the period of limitation and neither statutory nor equitable tolling rescue the delay from the limitation period's operation. IT IS THUS ORDERED that Respondent's motion to dismiss with prejudice is GRANTED. (Doc. No. 11.)

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

The Clerk of the Court is directed to CLOSE this action.

DATED February 26, 2019.

BY THE COURT:

_____
TED STEWART
United States District Judge